# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LUZ A. NUNEZ**, | Case No. 2:18-cv-00375-SU |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **B. JONES**, **and JOHN DOES 1-4**, in their individual capacities as agents of the United States Immigration and Customs Enforcement, | |
| Defendants. | |

Stephen S. Walters and David Henretty, Oregon Law Center, 522 SW Fifth Ave., Suite 812, Portland, OR 97204. Jonathan M. Dennis, Oregon Law Center, 35 SE Fifth Ave., Suite 1, Ontario, OR 97914. Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Dianne Schweiner, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 SW Third Ave., Suite 600, Portland, OR, 97204. Attorneys for Defendants.

**IMMERGUT, District Judge.**

On August 12, 2019, Magistrate Judge Patricia Sullivan issued her Findings and

Recommendation ("F&R") in this case, in which Plaintiff Luz Nunez brings a *Bivens* claim against

five U.S. Immigration and Customs Enforcement ("ICE") agents—Defendant B. Jones and four John

Doe defendants.[1] ECF 70. Magistrate Judge Sullivan recommended that this Court deny Defendant Jones's Motion to Dismiss, deny Defendant Jones's Motion for Stay of Discovery, grant Plaintiff's Motion for Discovery and/or Inspection, and defer ruling on Defendant Jones's Motion for Summary Judgment. *Id.* at 20.

Defendant Jones timely filed objections to the F&R. ECF 73. Plaintiff filed a response to objections. ECF 74. This Court has reviewed de novo the portions of the F&R to which Defendant Jones objected. This Court adopts in part Magistrate Judge Sullivan's Findings and Recommendation as provided herein. Defendant Jones's Motion to Dismiss is denied, Defendant Jones's Motion for Stay of Discovery is denied, and a ruling on Defendant Jones's Motion for Summary Judgment is deferred until the parties are provided an opportunity to gather limited discovery on the issue of qualified immunity.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review

---

[1] As Magistrate Judge Sullivan noted, after the parties filed the motions considered in the Findings and Recommendation, ECF 70, Plaintiff filed a First Amended Complaint that named two of the Doe Defendants as "Robert Hope" and "Phillip Maple." *See* ECF 70 at 2, n.1; ECF 44. The motions considered in this opinion relate to Plaintiff's original complaint. ECF 25, 30, 32. Accordingly, this Court uses the captions from that complaint, which names Defendants Hope and Maple as "Does." *See* ECF 1.

by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

## DISCUSSION

Magistrate Judge Sullivan concluded that Plaintiff pleaded a viable *Bivens* claim sufficient to survive Defendant Jones's motion to dismiss. *See* ECF 70 at 15–16. Then, in considering the parties' discovery motions and the motion for summary judgment, the magistrate judge found that the parties presented conflicting versions of the facts concerning the arrest. *Id.* at 19–20. Rather than denying the summary judgment motion due to the disputed material facts, the magistrate judge applied a procedural approach outlined by the Supreme Court in *Crawford-El* and *Anderson*. *See* ECF 70 at 19–20; *Crawford-El v. Britton*, 523 U.S. 574, 597–600 (1998); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). The magistrate judge deferred ruling on the summary judgment motion so that the parties may gather discovery on the issue of qualified immunity. In so doing, the magistrate judge preserved an opportunity for the court to assess the validity of Plaintiff's claim before permitting the case to proceed to trial.

Defendant Jones objects to the following portions of the F&R: (1) the magistrate judge's refusal to rule on Defendant Jones's motion for summary judgment; (2) the conclusion that there was no probable cause to arrest Plaintiff; (3) the conclusion that Plaintiff's arrest was retaliatory based on her protected speech; (4) the conclusion that the law was clearly established under the totality of the circumstances; and (5) certain factual findings. ECF 73 at 2.

## A.  Summary Judgment

Defendant Jones first contends that Magistrate Judge Sullivan erred by refusing to rule on the motion for summary judgment. ECF 73 at 2. The magistrate judge concluded that this Court should

defer deciding the motion for summary judgment so that Plaintiff may gather limited discovery on the issue of qualified immunity. ECF 70 at 19. This Court adopts the F&R's recommendation to defer ruling on summary judgment because the parties present differing versions of the arrest at issue. To enable the Court to give a full and fair determination of whether qualified immunity justifies dismissing the claim pursuant to Defendant Jones's motion for summary judgment, the parties may gather limited discovery on the issue of qualified immunity.

One of the purposes of qualified immunity is to protect government officials from "broad-ranging discovery" that can be "disruptive of effective government." *See Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). Therefore, the Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam). A defendant pleading qualified immunity is entitled to a dismissal before discovery unless the plaintiff's allegations state a claim that violates clearly established law. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." *Id.* The Supreme Court has explained that qualified immunity "is an *immunity from suit* rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial." *Saucier v. Katz*, 533 U.S. 194, 200–01 (2001) (quotation marks omitted). The Court has also emphasized that district judges have broad discretion to manage discovery to protect the interests of the qualified immunity defense. *See Anderson*, 483 U.S. at 646 n.6; *Crawford-El*, 523 U.S. at 599–01; *Harlow*, 457 U.S. at 818.

A motion for summary judgment will be denied if there exists a genuine issue of material fact and the moving party is not entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable

inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001).

As noted above, the F&R relied on the Supreme Court's holdings in *Crawford-El* and *Anderson* in recommending that this Court defer ruling on the motion for summary judgment. Defendant Jones challenges the applicability of *Crawford-El* to the present case. ECF 73 at 4–7. Defendant Jones argues that the *Crawford-El* procedures do not apply to claims with an objective standard, as in this case, but instead only to claims that require proof of motive. *Id.* at 5. However, the Supreme Court described the same approach in *Anderson*, involving a Fourth Amendment claim that did not require proof of motive. 483 U.S. at 646 n.6 (1987). In *Anderson*, the Supreme Court explained that limited discovery is sometimes required before deciding a motion for summary judgment based on a theory of qualified immunity. *Id.* The Court specified that discovery may be necessary if the actions that the defendant claims he took are different than the actions that the plaintiff alleges the defendant took. *Id.*

This Court finds that deferring ruling on the summary judgment motion is appropriate given the differing versions of the arrest presented by the parties. *Compare* Decl. of Brandon Jones, ECF 26, *with* Decl. of Luz Nunez, ECF 34. Accordingly, this Court adopts the Magistrate Judge's recommendation to defer ruling on the summary judgment motion.

**B.  Probable Cause**

Defendant Jones next objects to the F&R's conclusion that he lacked probable cause to arrest Plaintiff. ECF 73 at 2. Defendant criticizes that the F&R based this conclusion "solely on the bare allegations in Plaintiff's Complaint." *Id.* at 7. That argument is misplaced. The F&R properly considered the facts as pleaded because the analysis was conducted for the purpose of Defendant Jones's Rule 12(b)(6) motion to dismiss. *See* ECF 70 at 3 (explaining that the court accepted the facts as pleaded in reviewing a motion to dismiss).

When evaluating a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). Generally, a court may not consider materials outside of the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). If a court considers extrinsic evidence outside the pleadings for a 12(b)(6) motion, the motion to dismiss is treated as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995).

To survive a motion to dismiss for a failure to state a claim, a complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

A defendant presenting a qualified immunity defense on a Rule 12(b)(6) motion rather than a summary judgment motion faces the more stringent standard applicable to a motion to dismiss. *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). Dismissal under Rule 12(b)(6) is not appropriate unless qualified immunity can be established based solely on the facts alleged in the

complaint. *See Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001). A plaintiff is "entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." *See McKenna*, 386 F.3d at 436.[2]

Plaintiff alleges that her arrest and detention by Defendants were unlawful seizures in violation of the Fourth Amendment. ECF 1 at 7. In the context of Fourth Amendment seizures, qualified immunity attaches to protect a government officer "[e]ven absent probable cause" if a reasonable officer "could have believed that his or her conduct was lawful, in light of clearly established law . . . ." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1443 (9th Cir. 1991). Thus, to survive this motion to dismiss, Plaintiff must have alleged facts that demonstrate that a reasonable officer could not have believed the conduct was lawful under clearly established law.

The F&R identified two plausible inferences from the allegations in Plaintiff's complaint: (1) that Defendant Jones arrested Plaintiff on the suspicion that she was an illegal alien, and (2) that Jones arrested Plaintiff, at least in part, for being uncooperative. ECF 70 at 11. The F&R properly concluded that the allegations were sufficient to state a *Bivens* claim for unlawful arrest under clearly established law to defeat qualified immunity at this stage of the proceeding.[3] This Court adopts Magistrate Judge Sullivan's recommendation on this issue but offers the following explanation for this decision.[4]

---

[2] The Ninth Circuit has noted that when ruling on a motion to dismiss, the "confluence of two well-intentioned doctrines, notice pleading and qualified immunity, give rise to [an] exercise in legal decisionmaking based on facts both hypothetical and vague." *Kwai Fun Wong v. United States*, 373 F.3d 952, 956 (9th Cir. 2004). "The unintended consequence of this confluence of procedural doctrines is that the courts may be called upon to decide far-reaching constitutional questions on a nonexistent factual record . . . ." *Id.* at 957.

[3] This Court makes no ruling on the merits of Plaintiff's claim, nor whether Defendant Jones will be entitled to qualified immunity at later stages in the proceedings.

[4] The F&R noted that the passengers in Plaintiff's vehicle were identified as "fugitives" and illegal aliens in a declaration submitted by Defendant Jones. ECF 70 at 15. But Plaintiff has not alleged that her passengers were suspected illegal aliens or suspected fugitives, nor has she alleged that her arrest

The following description of events is taken from the well-pleaded factual allegations in Plaintiff's complaint. ECF 1. Plaintiff, a Hispanic citizen of the United States, was driving her car with two Hispanic passengers when Defendant Jones and the other officers stopped her vehicle. ECF 1 at 2, ¶ 1; *Id.* at 4, ¶ 14. Plaintiff did not specify whether her passengers were United States citizens or otherwise describe them. *See id.* at 4 ¶ 14. After she was pulled over, she complied with the officers' orders to put her hands on top of her vehicle. *Id.* at 5, ¶ 16. She spoke to the officers in English and provided them with her identification—an Oregon state driver's license. *Id.* at ¶¶ 20, 30. When the officers asked where she was from, she replied that she was from "here." *Id.* at 4, ¶ 19. She was ordered to stand next to her vehicle and was told that she was not free to leave. *Id.* at ¶ 17. Defendant Jones told another officer that Plaintiff had been "mouthy" and falsely claimed that she attempted to assault an officer. *Id.* at 5, ¶ 21. The officers then arrested her without providing a reason for her arrest. *Id.* at ¶ 22. Defendant Jones drove her to the U.S. Department of Homeland Security office in Boise, Idaho, where she was placed in a holding cell. *Id.* at ¶¶ 23, 24. While she was in custody, two officers questioned her about her place of birth. *Id.* at 6, ¶ 27. Those officers told her that she was arrested because they were unsure whether she was a United States citizen and because she had been "uncooperative." *Id.*

### 1. Illegal Alien[5]

First, the allegations in the complaint support an inference that Plaintiff was arrested on the suspicion that she was an illegal alien. Under the facts as pleaded by Plaintiff, a reasonable officer

---

resulted from her proximity to those passengers. This Court is limited to the well-pleaded facts from Plaintiff's complaint and reasonable inferences drawn from those allegations for the determination of this Rule 12(b)(6) motion. *See Marder*, 450 F.3d at 448. Therefore, this Court does not consider facts from Defendant Jones's declaration in analyzing the motion to dismiss.

[5] Consistent with the F&R, this "Court is mindful of the disagreements regarding [the] appropriate term for those individuals in the United States without documentation, or 'illegally,' but has decided to use the term 'illegal alien' in line with the governing caselaw." ECF 70 at 11 n.5.

could not have believed that under clearly established law, probable cause supported her arrest as a suspected illegal alien. Plaintiff has alleged a viable *Bivens* claim for an unlawful seizure under the Fourth Amendment.

As discussed by Magistrate Judge Sullivan, the law is clearly established that Plaintiff's Hispanic appearance, taken alone, does not provide probable cause that she is an illegal alien. ECF 70 at 11. "[I]mmigration agents may not effect an investigative seizure of a suspected illegal alien solely because of his Hispanic appearance." *Orhorhaghe v. I.N.S.*, 38 F.3d 488, 503 (9th Cir. 1994) (citing *United States v. Brignoni-Ponce*, 422 U.S. 873 (1975)); *see also Gonzalez-Rivera v. I.N.S.*, 22 F.3d 1441, 1450–52 (9th Cir. 1994) (describing a decision to stop an individual "based solely on his Hispanic appearance" as "an egregious constitutional violation"). To the contrary, Plaintiff provided the officers with her Oregon driver's license, communicated in English, and told the officers that she was from "here." ECF 1 at 4, ¶ 19; *id.* at 5 ¶ 20; *id.* at 6 ¶ 30. These facts, while not conclusive evidence of Plaintiff's lawful status in the United States, weigh against suspecting that Plaintiff was an illegal alien.

Plaintiff was driving two Hispanic passengers when her vehicle was stopped. *Id.* at 4, ¶¶ 14–15. The complaint provides no information about whether Plaintiff's passengers are United States citizens or whether they were arrested, as illegal aliens or otherwise. *See* ECF 1. However, simply driving Hispanic passengers, even if those passengers are found to be illegal aliens, is insufficient to provide probable cause to arrest a driver. Mere proximity to, or association with, Hispanic individuals, even where there may be illegal aliens present, is of "such . . . low probative value" that it cannot provide probable cause for suspecting that an individual is an illegal alien. *United States v. Montero-Camargo*, 208 F.3d 1122, 1132 (9th Cir. 2000); *see also United States v. Manzo-Jurado*, 457 F.3d 928, 937 (9th Cir. 2006) (holding that appearing "out of place" has "no relevance to establishing reasonable suspicion because nothing suggests such behavior indicates an individual's

illegal status"). To have probable cause to arrest someone on suspicion of being an illegal alien, due to proximity or association with Hispanic individuals, "particularized information" specific to that person is required. *Manzo-Jurado*, 457 F.3d at 937–38.

Even if there was an allegation in the complaint that Plaintiff's passengers were undocumented aliens, that allegation would be insufficient to establish probable cause. In *United States v. De La Cruz*, the court noted that being illegally in the United States is a "status crime" that would not necessarily suggest that the individual's driver was also involved in criminal activity. 703 F.3d 1193, 1198 (10th Cir. 2013). Furthermore, the court concluded that the driver could not be suspected of unlawfully transporting an illegal alien under federal law merely because he came "into daily contact with undocumented aliens" or "intermingle[d] with illegal aliens socially and otherwise." *Id.* at 1199 (quoting *United States v. Barajas-Chavez*, 162 F.3d 1285, 1288 (10th Cir. 1999) (en banc)). That crime required that "such transportation . . . be *in furtherance of the alien's violation* of the law." *Id.* at 1198 (emphasis added). The court "reject[ed] the general premise that once someone has been identified by authorities as unlawfully in the United States, anyone providing him with transportation for his daily activities is also reasonably suspected of criminal activity." *Id.* at 1199.

Accordingly, even assuming that Plaintiff's passengers were arrested as illegal aliens, which is not clear from the complaint, the officers lacked probable cause to arrest Plaintiff without additional information particular to Plaintiff. When all reasonable inferences are drawn from the allegations, this Court finds that Plaintiff sufficiently pleaded facts to support a claim that she was arrested on suspicion that she was an illegal alien without probable cause.

## 2. Retaliatory Arrest

Second, the allegations in the complaint support an inference that Plaintiff's arrest was retaliatory based on protected speech activity. When Plaintiff's version of the arrest is taken as true, she has stated a viable *Bivens* claim for a retaliatory arrest under clearly established law.

Defendant Jones contends that the F&R erroneously concluded that Plaintiff's arrest was retaliatory. ECF 73 at 12–13. He argues that this conclusion was unsupported by the record and clearly established law. *Id.* Defendant Jones points out that the F&R relied on *Ford v. City of Yakima*, 706 F.3d 1188 (9th Cir. 2013), which was overruled by *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019). The F&R cited *Ford* for the proposition that an individual has a right to be free from retaliatory arrest, even if probable cause existed for that action. ECF 70 at 16 (citing 706 F.3d at 1195–96). This Court declines to adopt the portions of the F&R regarding retaliatory arrest, Section C.2., ECF 70 at 16–17, and supplements the F&R as follows.

The First Amendment prohibits governmental officials from taking retaliatory actions against individuals for engaging in protected speech. *Nieves*, 139 S.Ct. at 1722 (citing *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). A retaliatory arrest without probable cause violates an individual's constitutional rights. *See Duran v. City of Douglas, Ariz.*, 904 F.2d 1372, 1378 (9th Cir. 1990) (holding that officers may not use their authority to arrest individuals as punishment for verbally challenging them absent other causes). To succeed on a claim for retaliatory arrest, a plaintiff must prove there was no probable cause for the arrest. *See Nieves*, 139 S.Ct. at 1725–26. The Ninth Circuit has held that a raised voice or temporary refusal to comply with an officer's commands will not, without more, constitute probable cause. *See Sialoi v. City of San Diego*, 823 F.3d 1223, 1233–34 (9th Cir. 2016).

Plaintiff alleged that she complied with the officers' orders to put her hands on top of her vehicle after she was pulled over. ECF 1 at 5, ¶ 16. She also contends that she answered when the

officer asked where she was from. *Id.* at 4, ¶ 19. Plaintiff then claims that Defendant Jones told

another officer that Plaintiff had been "mouthy" and falsely stated that she attempted to assault an

officer. *Id.* at 5, ¶ 21. Plaintiff also alleges that she was not initially provided a reason for her arrest,

then later told that she was arrested in part because she had been "uncooperative." *Id.* at 5–6, ¶¶ 22,

27. Finally, Plaintiff contends that she was never charged with a crime. *Id.* at 6, ¶ 35. When all

reasonable inferences are drawn from the allegations, this Court finds that Plaintiff sufficiently

pleaded facts to support a claim that she was arrested for retaliatory reasons without probable cause.

## C.  Clearly Established Law

Defendant Jones also objects to the F&R's conclusion that the alleged conduct violated

clearly established law. Defendant Jones argues that "clearly established law should be defined at the

Supreme Court level" and the magistrate judge erred by relying on district court precedent. ECF 73 at

9–10. Defendant Jones also suggests that recent Supreme Court opinions have cast doubt on whether

circuit court opinions may constitute clearly established law. *Id.* at 10 (citing *City & Cty. of San

Francisco, Cal. v. Sheehan*, 135 S. Ct. 1765, 1776 (2015); *City of Escondido, Cal. v. Emmons*,

139 S. Ct. 500, 503 (2019)).

First, the magistrate judge did not rely on any district court opinions in her analysis of this

issue. *See* ECF 70 at 10–17. Second, the Supreme Court has not yet decided whether circuit court

decisions constitute clearly established law. *See City & Cty. of San Francisco*, 135 S.Ct. at 1776

(assuming without deciding that circuit court precedent could constitute clearly established law); *City

of Escondido*, 139 S.Ct. at 503 (same). Accordingly, district courts are not prohibited from relying

on circuit court precedent when analyzing what constitutes clearly established law in the context of

qualified immunity. *See Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1060

(9th Cir. 2003). The magistrate judge did not err by relying on precedent from circuit courts.

### D. Factual Findings

Defendant Jones also objects to certain factual findings from the F&R. The F&R accepted the Plaintiff's well-pleaded allegations as true for the purpose of reviewing Defendant Jones's motion to dismiss. ECF 70 at 10. The F&R analyzed "only whether the *allegations* in the Complaint state a *Bivens* claim under Fed. R. Civ. P. 12(b)(6) standards" and did not "look to whether plaintiff has presented sufficient *evidence* of a constitutional violation under a summary judgment standard." *Id.* at 7. Accordingly, the F&R did not make factual findings regarding the merits of Plaintiff's claims. *See id.* at 3 (stating that the court reviews the facts as pleaded in the complaint and bases its decision on those allegations and not on factual materials submitted regarding the motion for summary judgment). This Court finds no reason to modify the F&R on this basis.

## CONCLUSION

This Court has reviewed de novo the portions of Magistrate Judge Sullivan's Findings and Recommendation to which Defendant Jones objected. Upon review, this Court ADOPTS IN PART the Findings & Recommendation as supplemented herein. Accordingly, this Court DENIES Defendant Jones's Motion to Dismiss, DENIES Defendant Jones's Motion for Stay of Discovery, DEFERS ruling on Defendant Jones's Motion for Summary Judgment, and thus AFFIRMS Magistrate Judge Sullivan's order to grant limited discovery on the issue of qualified immunity.

**IT IS SO ORDERED**.

DATED this 20th day of November, 2019.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge